IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Claudia Teresita Valdez Lopez, | : | |
| | : | Case No. 1:26-cv-68 |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Kevin Raycraft, Field Director of Detroit | : | |
| Field Office, United States Immigrations | : | Order Denying Motion for Attorneys' |
| and Customs Enforcement, *et al.*, | : | Fees and Expenses |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Motion for Attorneys' Fees and Expenses Under the Equal Access to Justice Act filed by Petitioner.  (Doc. 20.)  Respondents have filed a Response in opposition.  (Doc. 21.)  For the reasons that follow, the Court will **DENY** the Motion.

**I.**

Petitioner filed a Writ of Habeas Corpus ("Habeas Petition") on January 23, 2026 challenging her detention by Respondents without a bond hearing.  (Doc. 1.)  In an Order issued on April 2, 2026, this Court granted the Habeas Petition and held that detainees like Petitioner—who entered the country without inspection years ago and who was not currently seeking admission or lawful entry into the United States—are entitled to a bond hearing under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a).  (Doc. 17.)  The Court ordered Respondents to provide Petitioner with a due process compliant, individualized bond hearing before an Immigration Judge or to release her from custody.  (*Id.* at PageID 169.)  The Court also gave Petitioner leave to move for attorney fees and expenses under the Equal Access to Justice

1

Act ("EAJA"), 28 U.S.C. § 2412(b).  (*Id.* at PageID 168–169.)  Petitioner received a bond hearing, and the Immigration Judge ordered her released from custody under a bond of $25,000 and electronic monitoring.  (Doc. 18-1 at PageID 173.)

**II.**

Petitioner has now moved for an award of $13,500 plus litigation expenses under the EAJA.  The EAJA permits a court to award reasonable attorney fees and expenses to the prevailing party in any civil action brought by or against the United States unless the position of the United States was "substantially justified" or "special circumstances would make an award unjust."  28 U.S.C. § 2412(b), (d)(1)(A).  Substantially justified means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis in both law and fact."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Respondents contend that an award is not justified under the EAJA.  First, Respondents contends that a habeas corpus action is not a "civil action" for purposes of the EAJA.  But they concede that Circuit Courts of Appeal are split on this issue.  *Compare Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) (holding that habeas cases are not civil actions for purpose of EAJA) and *Obando-Segura v. Garland*, 999 F.3d 190, 197 (4th Cir. 2021) (same), *with Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 422 (3d Cir. 2026) (holding that habeas cases are civil actions for purpose of EAJA), *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (holding that EAJA authorizes fees in habeas actions), and *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005) (holding that habeas cases are civil actions for purpose of EAJA).  Respondents also contend that they were substantially justified in arguing that Petitioner was not entitled to a bond hearing under the INA.

The Court cannot find that Respondents were not substantially justified here, so the Court

will deny Petitioner attorney fees and expenses without deciding whether habeas actions are civil actions under the EAJA.  The legal issue contested in this case has been litigated across the country for approximately the past nine months.  The Board of Immigration Appeals held in September 2025 that noncitizens present in the United States without admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without bond during the duration of their removal proceedings.  *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA Sept. 5, 2025).  Immigration Judges began to deny motions for bond filed after *Yajure Hurtado* on the basis that they lacked jurisdiction to grant bond.  That triggered an avalanche of litigation in district courts across the country.

When this Court issued its Order on April 2, 2026 granting this Petitioner a bond hearing before an Immigration Judge, district courts in the Sixth Circuit were divided on the issue of whether noncitizen detainees were entitled to bond hearings under § 1226(a) or subject to mandatory detention under § 1225(b)(2)(A).  *Compare, e.g.*, *Ortiz Guiterrez v. Raycraft*, 821 F. Supp. 3d 934, 938–940 (S.D. Ohio 2026) (holding that § 1226(a) governed a petitioner's detention and that detaining the petitioner without bond violated his due process rights), *with Coronado v. Sec'y, Dep't of Homeland Sec.*, No. 1:25-cv-831, 2025 WL 3628229, at *12–14 (S.D. Ohio Dec. 15, 2025) (holding § 1225(b)(2)(A) governed a petitioner's detention and dismissing habeas petition).  The Sixth Circuit had not yet issued its decision holding that detainees like Petitioner are entitled to bond hearings under § 1226(a).  *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732–735 (6th Cir. May 11, 2026); *but see, e.g.*, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that detainees are not entitled to bond hearings).[1] As such, despite the fact the Court strongly rejected Respondents' legal position, the Court must

---

[1] The legal issue seems likely to require resolution by the Supreme Court given split among the Circuit Courts of Appeal.

3

hold that Respondents were substantially justified for purposes of the EAJA when they argued that this Petitioner could be detained without a bond hearing.

### III.

For these reasons, Petitioner's Motion for Attorneys' Fees and Expenses Under the Equal Access to Justice Act (Doc. 20) is **DENIED**.

**IT IS SO ORDERED**.

S/Susan J. Dlott\
Judge Susan J. Dlott\
United States District Court

4